## WURTS *et al. v.* MULLEN.

(*In the Supreme Court of Colorado, Spring Term, 1883—Appeal from the District Court of Park County*).

PRACTICE—PLEADINGS—NONSUIT. When affirmative matter in an answer, which established a *prima facie* right in defendant, is admitted by the reply, and plaintiff fails to introduce proof controverting such matter, nonsuit is proper.

BECK, C. J. This case is submitted on the argument and brief of the appellants, who were plaintiffs in the Court below.

The action was brought to recover possession of a town lot in the town of Alma, in Park county, to which plaintiffs allege title in fee. The amended complaint alleges wrongful entry of the defendant, and ouster of the plaintiffs in August. 1879, and wrongful withholding of the property ever since.

The answer denies the ownership of plaintiffs, and the wrongful entry and withholding by the defendant, and sets up affirmatively that the only title claimed by the plaintiffs to the lot in controversy is that inherited by the plaintiffs as the legal heirs of one A. J. Wells, deceased. That before the entry of defendant he purchased the title of said heirs from the said plaintiff, Mary M. Wurts, the widow of said deceased, and who was then the administratrix of said estate, and that the sale thereof was made by said administratrix by virtue of an order of the County Court of Park county, sitting as a Court of Probate, and that the defendant purchased the lot at said sale for the sum of $1,250. That the sale was reported to said Probate Court, and by it approved, and the administratrix ordered to execute to the purchaser a good and sufficient deed of the premises, which was accordingly made, delivered and duly recorded. The answer avers payment in full by note and trust deed.

The replication admits the making of the deed in obedience

to the order of the Probate Court, but alleges that the Court was without jurisdiction to make the order, and that the same was null and void.

Appellant's counsel say: "The replication denied the validity of the order of the County Court. Upon the pleadings the burden of proof rested on the defendant. The Court, however, directed the plaintiff to give proof; and they proved:

"That A. J. Wells died seized and possessed of the premises in question.

"That the plaintiffs were his only heirs.

"That the plaintiffs remained in possession some time after his death.

"That the defendant entered before the commencement of this suit."

At this point the appellants rested, when the Court, upon motion of the defendant, entered a judgment of nonsuit.

We think the ruling of the District Court was correct.

The effect of the replication is the admission of the facts, that the plaintiffs, Mary M. Wurts and her son Jesse, succeeded to the legal title to the lot in controversy, as the heirs at law of A. J. Wells, deceased, who was the owner thereof; that said plaintiff Mary M. Wurts became administratrix of the estate of the deceased; that in the settlement of the estate she applied to the Probate Court for, and obtained an order of sale for the lot in controversy; that she sold the same under such order to the defendant; that the sale was approved, and by order of the Court she made and delivered the defendant a deed therefor, which was duly recorded. It likewise admits payment of the purchase price in manner stated.

These admissions established a *prima facie* case in favor of the defendant.

The further averment of the replication, that the Probate Court was without jurisdiction to make the order, was matter in avoidance, which was to be regarded as controverted by the defendant on the trial. Code Civil Pro., Sec. 72.

This averment constituted the issue in the cause, of which the plaintiffs held the affirmative. The oral testimony introduced in their behalf did not tend to support this issue, hence the nonsuit was properly entered. *Judgment affirmed.*

*G. R. Gwynn* and *Thomas George*, for appellants.